## 17788

PULLMAN COMPANY, Respondent, v. PUBLIC SERVICE COMMISSION of South Carolina, and Charles A. Rice, Chairman, J. Lewis Moss, Vice-Chairman, Clyde F. Boland, Winchester Smith, Hugh C. Brown, John J. Snow, and Edward Wimberly, as members of and constituting the South Carolina Public Service Commission, and T. C. Callison, as Attorney General of South Carolina, and Irvine F. Belser, Assistant Attorney General of South Carolina, Appellants.

(120 S. E. (2d) 214)

*Messrs. Daniel R. McLeod, Attorney General,* and *Irvine F. Belser, Assistant Attorney General,* of Columbia, *for Appellants,*

*Messrs. Douglas McKay,* of Columbia, and *Martin J. Rock,* of Chicago, Illinois, and *McKay, McKay, Black & Walker,* of Columbia, *of Counsel, for Respondent,*

360

*Messrs Daniel R. McLeod, Attorney General,* and *Irvine F. Belser, Assistant Attorney General,* of Columbia, *for Appellants, in Reply.*

May 26, 1961.

LEWIS, Justice.

In this action the respondent, Pullman Company, seeks an adjudication that Rule 20 of the appellant, South Carolina Public Service Commission, is inapplicable and void as to its operations in this State on the grounds that (1) the Pullman Company is not subject to the jurisdiction of the Public Service Commission, (2) Rule 20 constitutes a burden on interstate commerce, and (3) the rule is unjust and unreasonable. Rule 20 is as follows:

"No sleeping car, chair car, parlor car, dining car, or buffet car shall be operated on any line of railroad in South Carolina, when occupied by regular passengers holding proper transportation for the occupancy of such cars, unless such cars are continuously in charge of an employee or an authorized agent of the firm or corporation owning or operating same, having the rank and position of conductor." 7 S. C. Code (1952) p. 753.

The South Carolina Public Service Commission has supervision of all railroads and railways operating in this State and the Pullman Company is engaged in the business of supplying sleeping car service over lines of the railroads operating in and through the State. The foregoing rule is designed to require the maintenance of employees of the rank of conductor on pullman, dining cars and sleeping cars operated on any line of railroad in South Carolina. The Pullman Company in an effort to reduce its operating expenses petitioned the Commission to vacate the foregoing rule as it applied to its operations, so that it might substitute porters in charge for conductors, the saving resulting from the fact that porters are in a lower wage scale than conductors. This request was refused since, in the opinion of the Commission, the rule was necessary for the safety, convenience, and comfort of passengers transported by the Company. Upon the refusal of the Commission to vacate the rule as it applied to the Pullman Company, this action was instituted for review of such ruling. The lower Court by its order sustained the position of the Company on all grounds, reversed the findings of the Commission and vacated the rule, from which order the Commission has appealed.

The exceptions on appeal preserve for review all grounds of attack made by the Company on the rule. However, we find that it is only necessary to decide the single question of whether or not the rule is unjust and unreasonable as applied to certain operations of the Pullman Company. This question is restricted by the record before us to the reasonableness of the rule as applied to the Company's single car operations. The Pullman Company has several operations through the State of South Carolina in which only one pullman car is operated to the train. The foregoing rule has been construed by the Commission as requiring one pullman conductor to a train regardless of whether there is one or more pullman cars in operation at the time. The Company concedes that, when there is more than one pullman car to the train, a pullman conductor is necessary in addition to its

other employees, but contends that the requirement that it maintain an employee of the rank of conductor on its single car operations is unjust and unreasonable. Therefore, the attack upon Rule 20 is based upon the alleged unreasonableness of the rule as applied to its single car operations, and we limit our decision to this question.

The legal principles governing a review of an order of the Public Service Commission have been set forth in a number of the decisions of this Court. It is well settled that orders of the Public Service Commission, issued under the powers and authority vested in it, have the force and effect of law and are presumptively or *prima facie* valid, reasonable and correct, and will not be set aside unless without evidence to support them, or unless there is a convincing showing that they are unjust, arbitrary and unreasonable. A carrier attacking an order or rule of a regulatory commission has the burden of making a convincing showing that it is unjust and unreasonable. *Pee Dee Electric Cooperative v. Public Service Commission,* 229 S. C. 155, 92 S. E. (2d) 171; *Atlantic Coast Line Railroad Co. v. Public Service Commission,* 226 S. C. 136, 84 S. E. (2d) 132; *Atlantic Coast Line Railroad Co. v. Public Service Commission,* 225 S. C. 196, 81 S. E. (2d) 357; *Southern Ry. Co. v. Public Service Commission,* 195 S. C. 247, 10 S. E. (2d) 769.

In seeking relief from the rule, the Company proposes to eliminate pullman conductors and place porters in charge of its single car operations. In so doing the Company contends that (1) it will effect a large reduction in its operating cost by reason of the lower salary paid to porters and (2) will not affect the service now being rendered to its passengers. We think the Company is correct in its position and is entitled to the relief sought.

There is very little dispute in the testimony. Under Rule 20 the single car runs of the Company carry a pullman porter and a pullman conductor. The passenger load on these runs is from four to eight persons. All pullman employees

are under the control and supervision of the train conductor who has police powers. Section 58-1221, 1952 Code of Laws. The police protection afforded passengers would be the same with a porter in charge as with a pullman conductor for neither have police powers as does the train conductor. While several of the States formerly had rules similar to that under consideration, according to the testimony all have eliminated them except the State of South Carolina. The operation of single car runs with a porter in charge has proven satisfactory in other States. Porters placed in charge of pullman cars are carefully selected, trained as to their duties, and experienced in handling passengers. The pullman porter in charge can perform, on the car to which he is assigned all of the duties performed by the pullman conductor. Rule 20 imposes no qualifications other than that the additional employee of the Company must have the rank of conductor. The record fails to show any basis for the conclusion of the Commission that the proposed change would adversely affect the safety, convenience and comfort of the pullman passengers.

The changes proposed will effect a saving to the Company, according to the record, of approximately $50,000.00 per year because of the lower salary scale of porters. Where the record shows, as here, that the service rendered is not adversely affected by the change, consideration of the question of profit and loss is important in determining the reasonableness of the order or rule under consideration. In the light of the testimony concerning the large passenger deficit of the railroads, it appears to be an economic necessity that expenses be reduced by the carriers where it is practicable to do so with reasonable regard to efficiency and the obligations owed to its passengers. *Southern Rwy. Co. v. Public Service Commission, supra.* We are convinced that the imposition of this additional financial burden upon the Pullman Company, in view of the conclusive showing that such is not necessary for the safety, convenience and comfort of its passengers, is unjust and unreasonable, and that the lower Court was correct in so holding.

In view of our conclusions that Rule 20 as it applies to the single car operations of the Pullman Company is invalid because unjust and unreasonable, and the attack upon the rule being so limited, it becomes unnecessary to decide the other questions presented.

Affirmed.

TAYLOR, C. J., and OXNER, LEGGE and MOSS, JJ., concur.